# EXHIBIT B



Elyse A. Shimada<br>
dir 202 898 5877<br>
eshimada@hollingsworthllp.com

January 25, 2022

**VIA ELECTRONIC MAIL**
Raymond C. Silverman
Parker Waichman LLP
6 Harbor Park Drive
Port Washington, NY 11050
rsilverman@yourlawyer.com

      Re:    *Tasigna*® – Non-Custodial Data Sources

Dear Raymond,

      We received your email on January 19, 2022 about the CREDI, SAS raw statistical data, and oMAP non-custodial data sources. We respond to each as follows.

      With respect to CREDI, we reiterate that we are willing to produce documents from that source for all CML indications/project codes. NPC will do so without the use of search terms. We object to plaintiffs' request for production from CREDI for Tasigna® indications/project codes that are unrelated to CML, which is the indication for which all plaintiffs received Tasigna®. As we previously noted, plaintiffs already have Tasigna® safety data arising from use of Tasigna® for non-CML indications through multiple other sources, including the full Tasigna® regulatory file (REDI), adverse event safety data from ARGUS (which will be supplemented once the parties reach a resolution on the adverse event search terms to be used), as well as from the hundreds of thousands of emails produced from 36 custodial files (from which additional productions are ongoing). Plaintiffs have articulated no grounds other than seeking safety information that they already have access to for the production from CREDI for non-CML indications/project codes. This discovery is duplicative and cumulative, and any incremental burden of producing this information is undue because plaintiffs already have the safety data regarding Tasigna®, regardless of indication.

      With regard to hard-copy approved Tasigna® promotional materials, we believe that we will be able to narrow the number of physical boxes that would need to be manually searched. Because the number of physical boxes to search is less than we anticipated, we intend to search those physical boxes (barring unforeseen developments) for the 585 hard-copy materials whose spreadsheet entries hit on plaintiffs' search terms, unless we identify a duplicate version in electronic form. Production of these hard-copy materials will take additional time to complete, however, because there are multiple steps involved with production of physical documents stored at a remote storage facility – including the need to retrieve, open, and manually review the boxes, and then scan documents that need to be produced – which are further complicated by

COVID-related logistical challenges for NPC and its vendors because of the need to have people physically on-site to coordinate and conduct this process during a time when NPC and many of its vendors are routinely operating in a remote work environment.

With regard to SAS, we respectfully disagree with plaintiffs' position and do not believe plaintiffs' justifications for seeking all data from 38 clinical trials are sufficient. Plaintiffs' epidemiology expert in the prior cases prepared his own meta-analysis of cardiovascular events in NPC's nilotinib trials. Plaintiffs' expert did so without use of any SAS data from NPC. Plaintiffs' expert instead relied on NPC's study data produced from, among other sources, CREDI, REDI, and ARGUS, as well as study publications. It is unclear what additional data or analyses plaintiffs' expert here would attempt that cannot already be done with the data NPC has produced and will produce. Plaintiffs also have not articulated any rationale as to why they require raw statistical data on variables and topics unrelated to CVEs. Moreover, manipulation or modification of any SAS database by plaintiffs or their expert following its production may render resulting outputs inadmissible, and subject to strong *Daubert* challenges.

We look forward to receiving plaintiffs' response regarding ARGUS. We are available to discuss as needed between now and the conference on February 1st.

Sincerely,

Elyse A. Shimada

cc:  Richard Elias, Esq.
     Lawana Wichmann, Esq.
     Christopher Oxx, Esq.
     Harrison Biggs, Esq.