# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

IN RE: TASIGNA (NILOTINIB)
PRODUCTS LIABILITY LITIGATION

This document relates to all actions.

Case No. 6:21-md-03006-RBD-DAB
(MDL No. 3006)

## JOINT NOTICE OF DISCOVERY STATUS AS OF MAY 5, 2022

Pursuant to Pretrial Order No. 5 (ECF No. 107), Plaintiffs and Defendant Novartis Pharmaceuticals Corporation ("NPC") submit this notice regarding the status of ongoing discovery issues:

**I.    Deposition Notices from Plaintiffs**

To date, all requested depositions of U.S.-based witnesses from the first ten deposition notices have been scheduled or taken – including the deposition of NPC employee Karen Habucky, which occurred on April 28, 2022, and six depositions (one current employee and five former employees) that are scheduled to proceed on the dates provided in the parties' last discovery status report.[1] The three requested depositions from this group that have not been scheduled are for witnesses located outside the United States (Mark Sims in Canada, Shilpa Shah-Mehta in Singapore,

---

[1] The agreed dates for five former employees are: Leila Alland (May 10); Robert Miranda (May 12); Michael Petroutsas (May 13); Neil Gallagher (May 20); and David Domsic (May 25). The agreed date for the current employee, Reshema Kemps-Polanco, is June 15, 2022.

and Anke Pregler (neé Meyer) in Germany). Plaintiffs informed NPC on May 4 that, given the issues presented by foreign law, Plaintiffs will not move forward with these three depositions at this time.

On May 4, 2022, plaintiffs issued three additional notices to depose Laurie Letvak, a former employee, and Danielle Roman and Paul Manley, who both work at a Novartis affiliate in Switzerland. NPC does not oppose the depositions of Drs. Manley and Roman, but depositions in Switzerland require voluntary participation of witnesses. NPC needs to explore with the witnesses whether they will voluntarily appear for fact depositions. It is counsel for NPC's understanding that if the witnesses agree to voluntarily appear, their depositions will need to be taken pursuant to the Hague Evidence Convention process, as implemented by Swiss authorities. NPC's counsel is in contact with the third witness, Ms. Letvak, and will provide Plaintiffs an update regarding her deposition shortly.

Plaintiffs' agreement not to pursue the depositions of Mark Sims, Shilpa Shah-Mehta, and Anke Pregler (neé Meyer) at this time is based, in part, on Plaintiffs' assessment that there may be suitable replacements for those individuals. As it pertains to Drs. Manley and Roman, Plaintiffs review of the documents produced to date suggests that these individuals played vital roles in the research and development (both preclinical and clinical) of Tasigna, making their depositions of great import. Assuming the cooperation of these current Novartis employees,

2

Plaintiffs have immediately begun to assess the process for pursuing these depositions through the Hague Evidence Convention and, initially, have found that third-party companies knowledgeable in this process recommend to allow four to six (4-6) weeks for scheduling such proceedings. This process will also be impacted by NPC's custodial productions (see Plaintiffs' Statement in § II, *infra*).

## II. Status of NPC's Custodial Document Production

NPC has continued its efforts to comply with the Court's orders and Plaintiffs' discovery demands. NPC has again increased the size of its review team from 133 attorneys to 183 in order to meet the demands imposed on NPC. NPC has begun producing documents from the four agreed Swiss custodians and expects to make another production of documents from these custodians on Friday, May 6, 2022. Likewise, in response to Plaintiffs' request for expedited production of documents from the eight additional custodians ordered by the Court in its March 15, 2022 order (ECF No. 97), NPC has already commenced prioritized review of their documents and will begin producing documents on a rolling basis and is working as quickly as possible to compete this production. NPC notes that, months prior to the Court's March 15, 2022 order, NPC had already produced to plaintiffs over 75,000 emails and documents sent to or from these eight custodians. Plaintiffs have yet to issue a notice of deposition for any of these custodians.

3

NPC's counsel recently learned that one of these eight custodians, Richard D'Addabbo, started working on Tasigna® pre-launch in 2006 as Global Brand Manager until August 2009. Mr. D'Addabbo then worked in marketing training for the hematology franchise, which includes multiple products, including Tasigna®, from September 2009 – July 2015. Although Mr. D'Addabbo's role in marketing training was not specific to Tasigna®, NPC recognizes that he could potentially have responsive documents from this time period. Mr. D'Addabbo recently started to work on Tasigna® again when the product transitioned to Established Medicines in September 2020. NPC is expanding its collection of Mr. D'Addabbo's emails and plans to produce documents from his time working in all three roles.

NPC is monitoring the progress of document review and production work and anticipates that, barring unexpected developments, document production will be completed in early June, more than thirty days before the close of fact discovery on July 15, 2022.

Despite NPC's continued efforts, Plaintiffs are still left with little guidance as to when custodial productions will be complete. Regarding production from the four agreed-upon Swiss custodians, NPC indicates only that production has begun and will continue on May 6, 2022. NPC provides no estimated date by which Plaintiffs can expect this production to be complete. These Swiss custodians include Danielle Roman and Paul Manley (see Plaintiffs' Statement in § I, *supra*), whose depositions

4

Plaintiffs noticed with the expectation that the document production for these previously agreed-upon individuals would be completed no later than mid-May.

Similarly, for the eight custodians from whom the Court ordered production back on March 15, 2022, NPC has only now advised Plaintiffs that the limited production from these individuals—four of whom NPC represented have only 54,440 total documents to review—might not be available until early June, another four weeks from today. While NPC is correct that early June is more than thirty days before the scheduled close of fact discovery, pushing the production end date to that time frame prejudices Plaintiffs' ability to review the productions, determine which of these individuals must be deposed, and prepare for the depositions. Accordingly, Plaintiffs have not yet issued deposition notices for these witnesses. That said, given what Plaintiffs already know about the roles of these custodians, Plaintiffs tentatively intend to depose most, if not all, of these individuals.

### III. Status of NPC's Non-Custodial Production

On April 29, 2022, NPC informed plaintiffs that NPC is attempting to run the search on NPC's safety database, Argus, that plaintiffs requested, including applying plaintiffs' requested search terms to the "Case Narrative" and "Novartis Comment" fields. Due to the complicated nature of plaintiffs' request, the work is ongoing. NPC will provide plaintiffs an update as soon as the outcome of these efforts is known, including whether the search was successfully completed.

NPC is working to comply with the Court's order to produce raw statistical data from specified clinical studies (ECF No. 95). NPC works with a third-party company, Privacy Analytics, to anonymize personal data contained in raw study databases. Data anonymization is necessary to comply with privacy obligations not to disclose identifiable patient information, which arise under U.S. and foreign data privacy laws and study participants' informed consents. There are twenty-six studies to be produced pursuant to the Court's order. To date, plaintiffs have been provided access to raw data from six of those studies. The required data anonymization for these six studies was already completed outside of litigation, and thus could be produced without incurring expense to comply with privacy requirements. NPC has obtained a quote for $320,000 from Privacy Analytics to complete required data anonymization for the remaining twenty studies on an expedited basis.[2] The vendor anticipates that it will take approximately four months to complete its data anonymization work for the twenty studies. Privacy Analytics will provide anonymized data on a rolling basis. NPC has instructed Privacy Analytics to begin its work.

Now that the expense and timeline associated with this production has become clear, NPC requests that the Court require Plaintiffs to share some of the cost of this

---

[2] NPC has provided data to Privacy Analytics for seventeen of the remaining twenty studies. NPC is continuing its work to collect and process available data regarding the remaining 3 studies.

specific production in light of the significant burden and expense that NPC will be forced to incur in order to meet mandatory privacy obligations to patient participants in clinical trials, which NPC would not otherwise have to incur outside of this litigation. To be clear, this expense is separate and apart from any expense associated with document review that NPC may elect to undertake in the ordinary course of discovery and for which NPC is not requesting any cost sharing. There is a realistic chance that production of raw data sets from all remaining studies may not be complete by July 15, 2022, and may extend approximately forty-five additional days. This production will be done on a rolling basis. NPC notes, however, that Plaintiffs have requested raw data sets for use by their statistics expert in developing their opinions, and not for deposition discovery. Given the substantial expense required and the anticipated timeline to complete this work, NPC seeks the Court's guidance on this matter.

As with NPC's update regarding custodial productions, its update regarding non-custodial document production provides Plaintiffs little in the way of assurance. For Argus, Plaintiffs have no estimate whatsoever of when NPC's process, nor the production therefrom, will be complete. Regarding the raw statistical data that the Court also ordered to be produced back on March 15, 2022, Plaintiffs learned for the first time yesterday, May 4, 2022, that twenty of the twenty-six studies still require data anonymization and that it would take approximately four months to complete.

Additionally, and again, NPC offers an ambiguous timeline for complete production of these documents. Notably, if the timeline extends forty-five days beyond July 15, 2022, that date would eclipse the currently scheduled August 19, 2022 expert report deadline, mooting NPC's statement about the impetus for Plaintiffs' request as being for expert opinion only, which Plaintiffs dispute regardless. Rather, Plaintiffs intent is also to use the non-custodial documents to question certain Novartis witnesses. While Plaintiffs have been able to pursue depositions of certain individuals, noticing additional witnesses cannot be determined without the benefit of a complete production. Further, Plaintiffs object to any cost-sharing for production of this information.

Given NPC's representation that the raw clinical trial data may not be produced until forty-five days after the current fact discovery deadline, along with the lack of any estimate regarding the Argus production, Plaintiffs must now respectfully request a reasonable extension of the fact discovery deadline, as well as the related deadlines thereafter.

NPC objects to plaintiffs being permitted to seek additional discovery from NPC beyond the close of fact discovery on July 15, 2022. That there may be raw statistical data that is not produced before July 15 does not require or warrant an overall extension of all discovery deadlines. Rather, to the extent SAS data is to be

8

produced after July 15, 2022, NPC agrees a discussion may be appropriate to consider a brief extension to the deadline for Dr. Madigan's expert disclosure.

Dated May 5, 2022                  Respectfully Submitted,

By: */s/ Raymond C. Silverman*          By: */s/ Robert E. Johnston*
Raymond C. Silverman, Esq.            Joe G. Hollingsworth, Esq.
Christopher Oxx, Esq.                    Robert E. Johnston, Esq.
Harrison M. Biggs, Esq.                 Andrew L. Reissaus, Esq.
Parker Waichman, LLP                  Grant W. Hollingsworth, Esq.
6 Harbor Park Drive                      HOLLINGSWORTH LLP
Port Washington, NY 11050           1350 I Street Northwest
(516) 466-6500                            Washington, District of Columbia 20005
(516) 466-6665 (fax)                   (202) 898-5800
rsilverman@yourlawyer.com
oxx@yourlawyer.com                    *Attorneys for Defendant*
hbiggs@yourlawyer.com                *Novartis Pharmaceuticals Corporation*

By: */s/ Richard M. Elias*
Richard M. Elias, Fla. Bar No. 38471
Elias LLC
231 S. Bemiston Avenue, Ste. 800
St. Louis, MO 63105
(314) 391-6820
relias@EliasLLC.com

By: */s/ Lawana S. Wichmann*
Lawana S. Wichmann, Esq.
OnderLaw, LLC
110 E. Lockwood Avenue
St. Louis, MO 63119
(314) 963-9000
(314) 963-1700 (fax)
wichmann@onderlaw.com

*Attorneys for Plaintiffs*

9

## **CERTIFICATE OF SERVICE**

I certify that on this 5th day of May 2022, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, causing all counsel of record be served by electronic means.

*/s/ Raymond C. Silverman*
Raymond C. Silverman, Esq.
*Attorney for Plaintiffs*
