# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

IN RE: TASIGNA (NILOTINIB)
PRODUCTS LIABILITY LITIGATION

Case No. 6:21-md-3006-RBD-DAB
(MDL No. 3006)

This document relates to all actions.
_____

## ORDER

This matter comes before the Court on **Defendant Novartis' Motion (doc. no. 118)** to allocate to Plaintiffs some of the expense associated with anonymizing data from certain clinical trials that the Court has ordered be produced as requested by Plaintiffs. Plaintiffs filed a response in opposition to the Motion (doc. no. 121). For the reasons stated below, the motion is **DENIED without prejudice.**

On March 15, 2022, the Court granted Plaintiffs' Motion to Compel (doc. no. 84) certain information from various clinical trials performed by Novartis. (Doc. no. 95). The background necessary to understand the current request is set forth in that Order and will not be repeated here. Suffice it to say, Novartis now wishes to for Plaintiffs to share some of the pain of the ordered production.

Considering the circumstances described and the arguments advanced in the motion and response, the Court makes the following observations. Issues of the costs of properly producing the requested information could and should have been raised in connection with the original arguments regarding production. Both

sides should have anticipated this issue, which is hardly novel or unexpected. Indeed, Novartis apparently keeps a firm on retainer specifically to perform anonymizing such data. The Court views the parties' failure to consider and discuss the matter earlier as a further example of their incomplete and ineffective discharge of meet-and-confer obligations.

Even after the order to produce was entered, Novartis' suggestion of cost sharing was delayed until it was mentioned in the May 5, 2022 Status Report and thereafter as the subject of the May 13, 2022 Motion. Compounding this delay, even now, the request is somewhat vague and uncertain, providing no basis for the Court to allocate costs if it were currently inclined to do so.

All of those considerations aside, the Court recognizes that anonymizing is appropriate here and the associated costs are substantial (exceeding even the first year salary of a new law school graduate). Additionally, the ultimate utility of the data is yet to be determined. Finally, the Court notes that Novartis is well able to bear the cost of anonymizing in the first instance, so deferring decision on possible cost allocation would create no issue of delaying discovery.

Given the current uncertainties as to the amount of reasonable costs (both in total and any allocable share) and the significance of the data to be produced (at Plaintiffs' request), cost sharing can prudently be **DENIED** without prejudice to potential reconsideration at the close of discovery.

**DONE** and **ORDERED** in Orlando, Florida, on June 1, 2022.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record