# ATTACHMENT B

| | |
|---|---|
| **From:** | Richard Elias <relias@eliasllc.com> |
| **Sent:** | Thursday, November 3, 2022 3:55 PM |
| **To:** | Garder, Narleen; rsilverman@yourlawyer.com; wichmann@onderlaw.com; oxx@yourlawyer.com; hbiggs@yourlawyer.com; friedman@eliasllc.com |
| **Cc:** | Reissaus, Andrew L.; Hollingsworth, Grant; Quzack, Douglas; Melinda Bommarito; Kathleen M. Griffin |
| **Subject:** | Re: Tasigna – Letter re Deceased Plaintiffs |

**[External Message]**

Drew,

This is in response to your letter dated 10/28/2022 regarding Tasigna patients who have passed away.

As an initial matter, we note that you propose an order to be entered in the federal MDL.  While we disagree that any order is necessary on this issue, 54 of the 56 cases that you identify are cases filed in the New Jersey MCL.  Therefore, there is certainly no need for an order in the federal MDL to address an issue that is almost exclusively limited to the New Jersey MCL, particularly given that, as will be stated below, we do not have a dispute about the federal cases identified.

With respect to the first category of cases that you identified—i.e., the cases where the named plaintiffs died prior to suits being filed—we agree to dismiss these cases without prejudice and will refile these in the names of the appropriate representatives.  This includes the *Argana* case filed in the MDL.  Please provide appropriate draft joint stipulations for voluntary dismissals without prejudice for these cases.

With respect to the cases for which you have asked for appropriate proof of representation of the deceased, we are working on providing these and will provide such proof as soon as we can.  With respect to the *Bayack* case—the only case pending in the MDL—we expect to have such proof in the next 30 days.  There is no need for any order on this, and, in any event, certainly no need for any order in the MDL.

With respect to the 10 cases where the plaintiffs have died after their complaints were filed, under New Jersey law—the only relevant law at issue—the "action does not abate" and the "death shall be noted upon the record and the action shall proceed in favor of… the surviving parties."  N.J. Ct. Rule 4:34-1(a); *see also In re Matter of Rutgers*, 2022 WL 4668953, at *1 n.1.  Since the action continues unabated, we fail to see the urgency of filing any motions for substitution here.  You are, of course, free to make any such motions.  We also fail to see why we would address this issue in the federal MDL or have the federal court enter an order addressing substitution under Fed. R. Civ. P. 25(a), as you have not identified one federal case where a Plaintiff has died after suit commenced.

Further, we would never agree to the order that you propose, requiring Plaintiffs' counsel to file a suggestion of death and setting forth a 90-day deadline to substitute the estate.  First, New Jersey rules do not impose a 90-day limitation at all.  We are not entering an order imposing obligations on our clients that are not imposed by rule.  Second, even if there were federal cases at issue—which there are not—Rule 25(a) does not impose an obligation on a decedent's representative to file a suggestion of death.  Indeed, the Middle District of Florida has held that "it would be highly unusual for a representative of a deceased plaintiff to file a suggestion of death since doing so is not a prerequisite to filing a motion for substitution and would otherwise be contrary to the interests of the deceased party's estate."  *Schmidt v. Merrill Lynch Trust Co.*, 2008 WL2694891, at *2 (M.D. Fla. 2008).  And further, a suggestion of death filed by a deceased plaintiff's counsel is not an effective suggestion of death anyway.  *Id.* at *3. So the order you propose is simply unworkable.

Richard M. Elias

---

**From:** Garder, Narleen <NGarder@Hollingsworthllp.com>
**Date:** Friday, October 28, 2022 at 3:18 PM
**To:** relias@eliasllc.com <relias@eliasllc.com>, rsilverman@yourlawyer.com <rsilverman@yourlawyer.com>, wichmann@onderlaw.com <wichmann@onderlaw.com>, oxx@yourlawyer.com <oxx@yourlawyer.com>, hbiggs@yourlawyer.com <hbiggs@yourlawyer.com>, friedman@eliasllc.com <friedman@eliasllc.com>
**Cc:** Reissaus, Andrew L. <AReissaus@Hollingsworthllp.com>, Hollingsworth, Grant <ghollingsworth@Hollingsworthllp.com>, Quzack, Douglas <djquzack@Hollingsworthllp.com>
**Subject:** Tasigna – Letter re Deceased Plaintiffs

On behalf of Andrew Reissaus, please see attached letter.



**Narleen L. Garder**
Legal Administrative Assistant
202.898.5844 | NGarder@Hollingsworthllp.com
1350 I Street NW | Washington, DC 20005

**Disclaimer**

This electronic message contains information from the law firm of Hollingsworth LLP, which may be confidential or privileged. The information is for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this electronic transmission in error, please notify us immediately at (202) 898-5800.