IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: TASIGNA (NILOTINIB)
PRODUCTS LIABILITY LITIGATION

Case No. 6:21-md-03006-RBD-DAB
(MDL No. 3006)

This document relates to all actions.

## JOINT NOTICE OF DISCOVERY STATUS AS OF NOVEMBER 21, 2022

Pursuant to Pretrial Order No. 5 (ECF No. 107), Plaintiffs and Defendant Novartis Pharmaceuticals Corporation submit this joint notice of discovery status. The parties have met and conferred regarding the issues raised below. On November 15, 2022, the Court held a status conference that included additional discussion regarding the ongoing case-specific discovery and the issues below pertain to that topic.

- **Clarification Regarding Pretrial Order No. 7 (ECF No. 171)**

PTO No. 7 permits "the depositions of the Plaintiff and one prescribing physician per case…" ECF No. 171 at 1. It further instructs that "[d]ispositive motions[] are due on Wednesday, March 15, 2023…" and explains, in footnote 3, that "[o]ne dispositive motion on **all** case-specific issues will be permitted in each member case in which case-specific discovery is permitted." *Id*. (emphasis added). Given the limitation regarding depositions to be taken at this time, Plaintiffs seek clarification regarding the scope of the dispositive motions contemplated in PTO

No. 7. Plaintiffs understand the Court's order as limiting the case-specific discovery to be taken at this stage and thereby limiting the dispositive motions due March 15, 2023 to issues surrounding NPC's anticipated learned intermediary defense. *See also* September 7, 2022 Status Conference ("Those two depositions, it seems to me, are going to give them all, or at least substantially all, of the information they need in order to ask the Court to consider whether or not this failure-to-warn issue is a case ender for them as a matter of law."). If, however, the Court anticipates that "**all** case-specific issues" should be included in the March 15 dispositive motions, significant additional case-specific discovery will be necessary to allow Plaintiffs to meet their respective burdens. *See id.* at 2 ("The parties may not engage in any other case-specific discovery in these particular cases without leave of Court.").

NPC's position is that PTO No. 7 permits NPC to file one motion for summary judgment in each case directed to any issue that can be adjudicated under Rule 56 of the Federal Rules of Civil Procedure based on the record after the limited permitted case-specific discovery. PTO No. 7, n.3. PTO No. 7 contains no limitation on NPC's ability to move on case-specific issues in addition to proximate causation, including, for example, the statute of limitations.

- **Leave to Depose Multiple Prescribers**

Irrespective of the Court's clarification regarding the scope of the dispositive motions in PTO No. 7, Plaintiffs intend to seek leave of Court to depose multiple

2

prescribing physicians in certain of the MDL cases. Plaintiffs will need this discovery even if the Court limits the scope of the dispositive motions to the learned intermediary defense. With the Court's permission, Plaintiffs will file such a motion, setting forth the cases in which the deposition of more than one prescriber is necessary, at a minimum, to make a complete record regarding learned intermediary.

NPC will confer with plaintiffs regarding any specific request in a particular case, but at this time, NPC does not believe multiple prescriber depositions are necessary in a Middle District of Florida case.

- **Plaintiff Depositions**

The parties continue to schedule plaintiffs' depositions. Plaintiffs' counsel has offered dates for eight plaintiffs. NPC is awaiting dates for plaintiffs in six additional cases.[1]

---

[1] NPC has informed plaintiffs that the *Argana* and *Bayack* cases in the Middle District of Florida should be removed from the limited case-specific discovery pool. Plaintiffs agree as to *Argana*, as that case is being voluntarily dismissed without prejudice. Plaintiffs disagree that *Bayack* should be withdrawn. Plaintiffs are in the process of securing the appropriate estate papers and it is unclear why the case cannot proceed with discovery at this time.

Dated: November 21, 2022

By: */s/ Raymond C. Silverman*
Raymond C. Silverman, Esq.
Christopher Oxx, Esq.
Parker Waichman, LLP
6 Harbor Park Drive
Port Washington, NY 11050
(516) 466-6500
(516) 466-6665 (fax)
rsilverman@yourlawyer.com
oxx@yourlawyer.com

By: */s/ Richard M. Elias*
Richard M. Elias, Fla. Bar No. 38471
Elias LLC
231 S. Bemiston Avenue, Ste. 800
St. Louis, MO 63105
(314) 391-6820
relias@EliasLLC.com

By: */s/ Lawana S. Wichmann*
Lawana S. Wichmann, Esq.
OnderLaw, LLC
110 E. Lockwood Avenue
St. Louis, MO 63119
(314) 963-9000
(314) 963-1700 (fax)
wichmann@onderlaw.com

*Attorneys for Plaintiffs*

Respectfully Submitted,

By: */s/ Robert E. Johnston*
Joe G. Hollingsworth, Esq.
Robert E. Johnston, Esq.
Andrew L. Reissaus, Esq.
Grant W. Hollingsworth, Esq.
HOLLINGSWORTH LLP
1350 I Street Northwest
Washington, District of Columbia 20005
(202) 898-5800

*Attorneys for Defendant
Novartis Pharmaceuticals Corporation*

**CERTIFICATE OF SERVICE**

I certify that on this 21st day of November 2022, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, causing all counsel of record be served by electronic means.

/s/ Raymond C. Silverman
Raymond C. Silverman, Esq.
*Attorney for Plaintiffs*
