# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

IN RE: TASIGNA (NILOTINIB)
PRODUCTS LIABILITY LITIGATION

This document relates to all actions.

Case No. 6:21-md-03006-RBD-DAB
(MDL No. 3006)

## PLAINTIFFS' MOTION SEEKING CLARIFICATION OF PRETRIAL ORDER NO. 7

Plaintiffs submit this motion seeking clarification regarding the scope of the dispositive motions contemplated by Pretrial Order ("PTO") No. 7 (ECF No. 171).

## I. Issue for Clarification.

PTO No. 7 permits "the depositions of the Plaintiff and one prescribing physician per case…" ECF No. 171 at 1. It further instructs that "[d]ispositive motions[] are due on Wednesday, March 15, 2023…" and explains, in footnote 3, that "[o]ne dispositive motion on **all** case-specific issues will be permitted in each member case in which case-specific discovery is permitted." *Id.* at 2 (emphasis added). Given the limitation regarding depositions – and case specific discovery in general – to be conducted at this time, Plaintiffs seek clarification regarding the scope of the dispositive motions contemplated in PTO No. 7.

Plaintiffs understand the Court's order as limiting the case-specific discovery to be taken at this stage and thereby limiting the dispositive motions due March 15, 2023 to issues surrounding NPC's anticipated learned intermediary defense. *See also*

Transcript of September 7, 2022 Status Conference at 31:7-11 ("Those two depositions, it seems to me, are going to give them all, or at least substantially all, of the information they need in order to ask the Court to consider whether or not this failure-to-warn issue is a case ender for them as a matter of law."). If, however, the Court truly anticipates that "**all** case-specific issues" should be included in the March 15 dispositive motions – that is, issues beyond NPC's learned intermediary defense – significant additional case-specific discovery, including the depositions of multiple treating physicians and, potentially, other fact witnesses, as well as the completion of case-specific expert discovery will be necessary to allow Plaintiffs to meet their respective burdens. *See* ECF No. 171 at 2 ("The parties may not engage in any other case-specific discovery in these particular cases without leave of Court.").[1] While the parties are permitted to seek leave to take additional discovery, this does not alleviate Plaintiffs' grave concerns, since Defendant admittedly does not know the bases upon which they will in any given case.

## II.  Implications of the Court Permitting Broader Dispositive Motions.

Should the Court permit NPC to submit dispositive motions on issues other than the learned intermediary defense (*e.g.*, case-specific causation, statute of

---

[1] Plaintiffs note that in answering many of the Complaints of the Plaintiffs in this MDL NPC has asserted 39 affirmative defenses and reserved the right to assert more if needed. Accordingly, the grounds under which NPC may move for Summary Judgment should they be allowed broad discretion to do so are extensive.

limitations, preemption, etc.), Plaintiffs' due process rights will be violated since, absent fulsome case-specific discovery, there will not be an adequate factual record for the Court to properly adjudicate those issues absent great prejudice to Plaintiffs. Indeed, "to withstand a summary judgment motion, the non-moving party must establish that, based on the evidence in the record, there can be more than one reasonable conclusion as to the proper verdict." *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999), *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Id.*, *citing Anderson* at 252.

    Thus, should NPC include in its anticipated motions for summary judgment any issues beyond the learned intermediary defense, the burden will be on Plaintiffs to submit evidence in response. Given that Defendant admittedly cannot anticipate the bases upon which they may move, this task would be difficult, if not impossible, without fulsome case-specific discovery. In many cases, such evidence could be established only through depositions of treating physicians or case-specific experts. Some examples include: testimony from a treating physician that, at no point during treatment, did they inform the Plaintiff that they believed his or her injuries may have been caused by Tasigna (relevant to a statute of limitations defense); testimony

3

from a treating physician that, in their opinion, Tasigna contributed to the Plaintiff's injury (relevant to a specific-causation defense); or a report and testimony from a case-specific expert supporting specific causation.

Accordingly, Plaintiffs seek clarification of PTO No. 7, confirming that the dispositive motions are – consistent with the limited case-specific discovery granted – limited to the learned-intermediary defense. If Plaintiffs' understanding is incorrect, and the Court intends to permit NPC to move for summary judgment on issues beyond the learned intermediary defense, Plaintiffs must seek leave to request additional case-specific discovery to counter same.

## CONCLUSION

Accordingly, and for the reasons stated above, Plaintiffs request clarification regarding the scope of the dispositive motions contemplated by PTO No. 7.


Dated: December 5, 2022

Respectfully Submitted,
By: */s/ Raymond C. Silverman*
Raymond C. Silverman, Esq.
Christopher Oxx, Esq.
Harrison M. Biggs, Esq.
Parker Waichman, LLP
6 Harbor Park Drive
Port Washington, NY 11050
(516) 466-6500
(516) 466-6665 (fax)
rsilverman@yourlawyer.com
oxx@yourlawyer.com
hbiggs@yourlawyer.com

        By: */s/ Richard M. Elias*
        Richard M. Elias, Fla. Bar No. 38471
        Elias LLC
        231 S. Bemiston Avenue, Ste. 800
        St. Louis, MO 63105
        (314) 391-6820
        relias@EliasLLC.com

        By: */s/ Lawana S. Wichmann*
        Lawana S. Wichmann, Esq.
        OnderLaw, LLC
        110 E. Lockwood Avenue
        St. Louis, MO 63119
        (314) 963-9000
        (314) 963-1700 (fax)
        wichmann@onderlaw.com

        *Attorneys for Plaintiffs*

## LOCAL RULE 3.01(g) CERTIFICATION

In accordance with Local Rule 3.01(g), counsel for Plaintiffs certify that they have conferred telephonically with counsel for NPC on the issues raised in this motion. Despite their best efforts, Plaintiffs were unable to reach a resolution with NPC.

## CERTIFICATE OF SERVICE

I certify that on this 5th day of December 2022, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, causing all counsel of record be served by electronic means.

> /s/ *Raymond C. Silverman*
> Raymond C. Silverman, Esq.
> *Attorney for Plaintiffs*