## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

IN RE: TASIGNA (NILOTINIB)
PRODUCTS LIABILITY LITIGATION

Case No. 6:21-md-03006-RBD-DAB
(MDL No. 3006)

This document relates to all actions.

_____

## JOINT NOTICE OF PROPOSALS FOR TIME AND FORMAT OF EVIDENTIARY HEARING AND ORAL ARGUMENT

Pursuant to Pretrial Order No. 9 (ECF No. 203) and the court's March 17, 2023 Order (ECF No. 242), Plaintiffs and Defendant Novartis Pharmaceuticals Corporation ("NPC") submit this joint notice with the parties' proposals for time and format for oral argument on the parties' pending motions, as well as the parties' requests for an evidentiary hearing on particular Rule 702 motions, for which the Court has tentatively set aside June 5 and 6, 2023.

### 1.    A proposed length of time necessary for oral argument on each pending motion.

The parties have met and conferred and propose the following length of time for oral argument on each of the pending motions:

- 20 minutes (average, 10 minutes per side) for each case-specific summary judgment motion (1 hour, forty minutes total)[1]

---

[1] Motions for summary judgment were filed by NPC in the following cases: *Giancaspro*, Case No. 6:21-cv-01312-RBD-DAB (*see* ECF No. 231); *Menear*, Case No. 8:22-cv-01644-RBD-DAB (*see* ECF No. 237); *Merced, et al.,* Case No. 8:20-cv-00587-WFJ-SPF (*see* ECF No. 223); *Riley*, Case No. 6:21-cv-01408-RBD-DAB (*see* ECF No. 228); and *Tonge*, Case No. 6:21-cv-01335-RBD-DAB (*see* ECF No. 236).

- 45 minutes (22.5 minutes per side) (**NPC's position**)/30 minutes (15 minutes per side) (**Plaintiffs' position**) for each of NPC's four *Daubert* motions (2 hours total)[2]

- 30 minutes (15 minutes per side) for each of Plaintiffs' five *Daubert* motions (2 hours, thirty minutes hours total)[3]

- 20 minutes (10 minutes per side) for NPC's motion for summary judgment based on general causation.

## 2.    Which *Daubert* motions would benefit from an evidentiary hearing and why.

**NPC's Position**: NPC requests an evidentiary hearing on its Motion to Exclude Dr. Sonal Singh. NPC does not request an evidentiary hearing on the other pending motions. An evidentiary hearing that allows the Court to hear testimony from Dr. Singh, as well as a rebuttal witness who NPC selects from its designated experts,[4] would assist the Court in evaluating the scientific issues related to general causation in these cases and deciding the Rule 702 motion regarding Dr. Singh.[5] Dr. Singh is plaintiffs' only expert witness proffered to opine on general causation. General

[2] Motion to Exclude the Testimony of Plaintiffs' Expert, Dr. Richard Van Etten (*see* ECF No. 229); Motion to Exclude the Testimony of Plaintiffs' Expert, Darren Scheer (*see* ECF No. 232); Motion to Exclude the Testimony of Plaintiffs' Expert, Dr. Caitlin Hicks (*see* ECF No. 235), and NPC's Motion to Exclude the Testimony of Plaintiffs' Expert Dr. Sonal Singh (ECF No. 239).

[3] Motion to Exclude the Testimony and Opinions of Defendant's Expert, Chitra Venkatasubramanian, M.B.B.S, M.D., MSc., FNC (*see* ECF No. 220); Motion to Exclude the Testimony and Opinions of Defendant's Expert, Dr. Mitchell Levine (*see* ECF No. 221); Motion to Exclude the Testimony and Opinions of Defendant's Expert, Nicholas J. Morrissey (*see* ECF No. 222); Motion to Exclude the Testimony and Opinions of Defendant's Expert, David W. Feigal, Jr. (*see* ECF Nos. 224, 226).

[4] Plaintiffs contend that, if rebuttal witnesses are allowed, NPC's expert Dr. Mitchell Levine should be presented as the rebuttal witness to Dr. Singh. See further clarification of Plaintiffs' position below. NPC disagrees. NPC is entitled to select for itself which of its designated experts to call at a hearing in support of its Motion to Exclude Dr. Singh's testimony.

[5] NPC's previously filed notice requesting oral argument and an evidentiary hearing includes citation to authority establishing the utility and preference for *Daubert* hearings in similar litigations involving similar expert admissibility challenges (*see* ECF No. 240).

causation is a determinative issue in this litigation and NPC has four experts who offer opinions that rebut Dr. Singh's proffered opinions. This includes Dr. Stuart Goldberg, who was a clinical investigator at a primary site for ENESTnd, the study at the center of Dr. Singh's opinions. Dr. Goldberg is the only expert designated by either party who has direct involvement with and firsthand knowledge of the ENESTnd study (which contributes between 86 and 96.8 percent to the results of Dr. Singhs' meta-analyses).

NPC met and conferred with plaintiffs on March 27, 2023 to discuss the scope of an evidentiary hearing. During that initial meeting and based on the court's most recent order indicating two days tentatively scheduled, NPC confirmed that it would not seek an appearance of all experts at the evidentiary hearing that it requested contemporaneously with the filing of its motions, as required by Local Rule 3.01(g). NPC proposed limiting the hearing to NPC's motion to exclude Dr. Sonal Singh with Dr. Singh and a rebuttal expert for NPC testifying. Plaintiffs requested that NPC present Dr. Mitchell Levine. NPC noted that it would select an expert of its choice and that the parties disagreed on this point. Plaintiffs confirmed by email on March 29: "We are in agreement that the evidentiary hearing can be limited to the epidemiology experts. As such, we agree to present Dr. Singh and, in return, will be requesting that Dr. Levine appear on behalf of NPC." *See* NPC's Exhibit A at 4 (03/29/2023 e-mail from H. Biggs to A. Reissaus). It is telling that plaintiffs have now changed course and argue that no evidentiary hearing whatsoever is necessary. It appears to be because NPC has not agreed to plaintiffs attempt to direct NPC's defense by allowing plaintiffs

to select the rebuttal expert that NPC will present on NPC's motion to exclude Dr. Singh

The resolution of the Motion to Exclude Dr. Singh will be dispositive to NPC's general motion for summary judgment based on a lack of admissible expert testimony to meet plaintiffs' burden on general causation. In this MDL, Dr. Singh offers different opinions based on different data than he offered in prior cases. Specifically, he offers new meta-analyses that differ from the ones he provided more than five years ago, relies on different data (5-year ENESTnd vs 10-year ENESTnd data), and there is more than five years' worth of new medical literature and science that must be considered. Further, Dr. Singh has never been heard by a court at a hearing concerning Tasigna®. The prior individual cases in which Dr. Singh was deposed did not involve an evidentiary hearing. The pending motion is filed in the context of an MDL where the ruling of admissibility will have impact on multiple cases, and it is important that the Court directly hear from Dr. Singh and NPC's rebuttal witness.[6]

NPC opposes plaintiffs' request for an evidentiary hearing on their Motion to Exclude the Testimony and Opinions of Defendant's Expert, Dr. Mitchell Levine (*see* ECF No. 221) as unnecessary, because plaintiffs' motion to exclude is limited in nature and involves only selected portions of the opinions offered by Dr. Levine. As will be explained in more detail in NPC's opposition to plaintiffs' *Daubert* motions, as an

---

[6] Notably, only after extensive evidentiary hearings and opportunities to amend expert reports, Dr. Singh's testimony was limited in another pharmaceutical products liability case in which he was designated to provide general causation testimony. *See In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prod. Liab. Litig. (No II) MDL 2502*, 892 F.3d 624, 630 (4th Cir. 2018)

expert being offered to rebut and respond to plaintiffs' arguments, Dr. Levine is not required to reach opinions to the same level of certainty as plaintiffs' experts who offer opinions related to issues on which plaintiffs bear the burden of proof. *E.g., Dawsey v. Carnival Corp.*, No. 16-23939, 2018 WL 4854651, at *3-4 (S.D. Fla. Oct. 5, 2018) ("[Plaintiff] bears the burden of proving causation; the burden does not fall on Defendants to *disprove* causation." (citing *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1070 (11th Cir. 2014)) (emphasis in original)). NPC may offer testimony to rebut, discredit, and critique plaintiffs' expert's conclusions by showing there is a lack of scientifically reliable proof for plaintiffs' experts' opinions. *E.g., Deutsch v. Novartis Pharms. Corp.*, 768 F. Supp. 2d 420, 480 (E.D.N.Y. 2011) (holding that cancer doctors designated as experts by NPC could opine on "the lack of scientifically reliable proof of causation"). As a result, the motion can be readily decided on the papers after NPC files its opposition. A decision on plaintiffs' motion regarding Dr. Levine also will not impact the resolution of NPC's general motion for summary judgment. NPC will produce Dr. Levine if the Court sets an evidentiary hearing on plaintiffs' motion to exclude opinions of Dr. Levine, as plaintiffs have requested, though NPC still would intend to present a different witness in rebuttal to Dr. Singh.

**Plaintiffs' Position**: Since the time of this Court's March 17, 2023 order [ECF No. 240], NPC has narrowed its request for an evidentiary hearing to include only Dr. Singh, since he is the "only expert witness proffered to opine on general causation." *See* NPC's Position, *supra*. Given that Dr. Singh is the only expert NPC now seeks,

and he has already survived *Daubert* challenges in two prior Tasigna litigations,[7] Plaintiffs do not feel that *any* evidentiary hearing is necessary. Indeed, NPC's intention to move forward with an evidentiary hearing that only focuses on Dr. Singh, coupled with its unwillingness to make any of its own experts available, reveals that this request is little more than an attempt to get yet another bite at an apple that has already been chewed to its core. By April 19th, the parties will have completed voluminous submissions regarding the proffered experts in this matter, including Dr. Singh. NPC has already had ample time to challenge Dr. Singh's opinions, having deposed him for nearly fourteen (14) hours spanning multiple litigations. Its challenges are clear, and nearly duplicative of its prior arguments that were already rejected in *Lauris* and *McWilliams*. This court does not need an evidentiary hearing that will be little more than a retread of arguments already addressed by prior courts. Further, Dr. Singh's qualifications are unquestionable and are not at issue here. Plaintiffs therefore believe the record – especially with respect to Dr. Singh – is sufficient for the Court to determine all motions on the papers.

In the alternative, if the Court feels it necessary to hold an evidentiary hearing, Plaintiffs submit that an evidentiary hearing on their Motion to Exclude the Testimony and Opinions of Defendant's Expert, Dr. Mitchell Levine (*see* ECF No. 221) is the fair and balanced approach to the issues as narrowed by NPC. Dr. Levine is NPC's only

---

[7] *See McWilliams v. Novartis AG*, 2018 WL 3364608 (S.D. Fla. 2018); *see also Lauris v. Novartis A.G., et al.* (Case No. 1:16-cv-00393-SEH) (E.D. Cal.) (decided at hearing, a transcript of which will be included as an exhibit to Plaintiffs' opposition to NPC's motion to exclude Dr. Singh).

disclosed epidemiology expert in this matter. NPC's proposal, which is to hold an evidentiary hearing that focuses solely on Plaintiffs' expert Dr. Singh, and bring one of its other, non-epidemiology experts in rebuttal, defies logic.[8] It is inconceivable to Plaintiffs how NPC could attempt to rebut Dr. Singh's epidemiological opinions with anyone other than its disclosed epidemiology expert, and why NPC would so strongly resist having its own epidemiologist appear before this Court.

As with Dr. Singh, an evidentiary hearing of Dr. Levine would assist the Court in evaluating the scientific issues related to general causation in these cases and in deciding the *Daubert* motion Plaintiffs brought challenging his opinions. Moreover, Dr. Levine offers opinions that are ubiquitous across NPC's experts and testimony from him would aid the Court in understanding the science – or lack thereof – in support of same. Finally, NPC's assertion that "Dr. Levine is not required to reach opinions to the same level of certainty as plaintiffs' experts" is nonsensical. The standard for admissibility under *Daubert* does not change depending on who bears the burden of proof. NPC's experts are subject to the same level of scrutiny.

### 3. A proposed length of time necessary for the evidentiary portion of the hearing

**NPC's Position:** NPC proposes that six to eight hours be allocated to an evidentiary hearing on the Motion to Exclude Dr. Singh. NPC proposes scheduling 3 hours for NPC to question Dr. Singh and 2 hours for plaintiffs. NPC proposes that it

---

[8] To be clear, whether or not the Court orders an evidentiary hearing for Dr. Levine, Plaintiffs believe that Dr. Levine is the only appropriate rebuttal witness to Dr. Singh.

would be most efficient to question Dr. Sing first. NPC requests 2 hours to present its rebuttal witness, with 1 hour for plaintiffs to examine that witness.[9]

**Plaintiffs' Position:** If the Court orders an evidentiary hearing for the epidemiology experts, Plaintiffs propose a total of six (6) hours be allocated. Plaintiffs propose scheduling three (3) hours for each expert. Each party will have 1.5 hours to question Dr. Singh, with Plaintiffs presenting first. Each party will have the right to reserve some of its time for rebuttal. Likewise, both parties will have 1.5 hours to question Dr. Levine with NPC presenting first and the option to reserve time for rebuttal. Plaintiffs believe this order will best serve the Court, as it will allow each expert to clearly explain their opinions and the supporting science before being subject to cross-examination. NPC's proposal in terms of order is inconsistent with the collective experience of Plaintiffs' counsel in Rule 702 evidentiary hearings. The party proffering the expert should be the one to lead the examination, followed by cross-examination and any necessary re-direct. It is far more efficient for the party proffering the expert to have the opportunity to present the expert's qualifications, methodology, and opinions in an organized fashion before the objecting party attempts to challenge them on cross-examination. Instead, NPC takes the inconsistent position that it should go first on both Plaintiffs' proffered expert and its own proffered rebuttal witness.

---

[9] If the Court grants plaintiffs' request for an evidentiary hearing regarding the motion to exclude Dr. Levine, NPC requests the same amount of time to question Dr. Levine as the Court allocates for plaintiffs to question Dr. Singh.

## 4.     The proposed order of proceedings

The parties propose the following sequence of proceedings:

<u>Day 1</u>

- Argument on the 5 case-specific, summary judgment motions.

- Evidentiary hearing (if ordered by the Court)[10]

<u>Day 2</u>

- [As necessary] complete evidentiary hearing

- Argument on NPC's Motion to Exclude Dr. Singh

- Argument on NPC's General Summary Judgment Motion

- Argument on NPC's remaining *Daubert* Motions

- Argument on Plaintiffs' *Daubert* Motions

Dated: March 31, 2023                    Respectfully Submitted,

By: *<u>/s/ Raymond C. Silverman</u>*          By: *<u>/s/ Robert E. Johnston</u>*
Raymond C. Silverman, Esq.          Joe G. Hollingsworth, Esq.
Christopher Oxx, Esq.                Robert E. Johnston, Esq.
Parker Waichman, LLP                Andrew L. Reissaus, Esq.
6 Harbor Park Drive                  Grant W. Hollingsworth, Esq.
Port Washington, NY 11050          HOLLINGSWORTH LLP
(516) 466-6500                       1350 I Street Northwest
(516) 466-6665 (fax)                Washington, District of Columbia 20005
rsilverman@yourlawyer.com          (202) 898-5800
oxx@yourlawyer.com

                                     *Attorneys for Defendant*

---

[10] It is Plaintiffs' view that if the Court does not order an evidentiary hearing, it is likely that all of the motion argument can be completed in one day. It is NPC's view that that if an evidentiary portion of the hearing does not go forward, it may necessitate additional time be allocated for argument on NPC's general causation summary judgment motion and Rule 702 motions.

By: */s/ Richard M. Elias*　　　　　　　　　　　*Novartis Pharmaceuticals Corporation*
Richard M. Elias, Fla. Bar No. 38471
Elias LLC
231 S. Bemiston Avenue, Ste. 800
St. Louis, MO 63105
(314) 391-6820
relias@EliasLLC.com

By: */s/ Lawana S. Wichmann*　　　
Lawana S. Wichmann, Esq.
OnderLaw, LLC
110 E. Lockwood Avenue
St. Louis, MO 63119
(314) 963-9000
(314) 963-1700 (fax)
wichmann@onderlaw.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 31st day of March 2023, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, causing all counsel of record to be served by electronic means.

<u>/s/ Robert E. Johnston</u>
Robert E. Johnston, Esq.
*Attorney for Defendant*
*Novartis Pharmaceuticals Corporation*