## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

IN RE: TASIGNA (NILOTINIB)
PRODUCTS LIABILITY LITIGATION

Case No. 6:21-md-3006-RBD-DAB
(MDL No. 3006)

This document relates to all actions.
_____

### ORDER

Before the Court is the parties' Joint Notice of Proposals for Time and Format of Evidentiary Hearing and Oral Argument (Doc. 246).

Unfortunately, the submission by counsel has been entirely unhelpful. Misunderstanding the Court's invitation for input (Doc. 242), the parties propose divergent suggestions for what amounts to a mini-trial whereby expert witnesses are examined, cross-examined, and then challenged by competing rebuttal expert testimony from the opposition. This joint proposal reflects a misunderstanding of the purpose of the hearing and the gatekeeping role of the Court in resolving *Daubert* and summary judgment issues. It is not the function of the Court to undertake a credibility determination or to "choose a winner" among competing experts. Rather, with respect to the *Daubert* challenges, the Court's function is to assess whether the expert witness's opinions are relevant and reliable under the *Daubert* standard. To that end, the evidentiary hearing will give the parties the opportunity to supplement their papers as they see fit and to attempt to address

the alleged impediments to admissibility urged by the *Daubert* movant. The parties may elect to stand on their papers and the current record or to buttress the record with additional sworn testimony. Of course opposing counsel will have the opportunity to cross-examine any witness called to testify during the evidentiary portion of the hearing; but there is no inherent right for the moving party to present "rebuttal" testimony from an expert who holds a contrary view or takes issue with the opinions presented in the context of a *Daubert* challenge. Likewise, there is no obligation for a party seeking to exclude an expert's opinion to present an opposing witness at all, much less in the same area of specialty. Squabbling about which witness to call and what if anything is required of the opponent was obviously not the intent of the Court's very straightforward Order seeking the parties' input as to time and subject allocation.

So the Court will *sua sponte* allocate the hearing time as follows. Each day will allow for 6.5 hours of court time, for a total of 13 hours over the two days allocated on Monday, June 5, and Tuesday, June 6; court will begin at 9:00 a.m. and conclude at 5:00 p.m. with a fifteen-minute break in the morning and afternoon and one hour for lunch each day. 9 hours total will be available for the evidentiary portion of the proceeding, divided equally between Plaintiffs and Defendant; 4 hours total will be devoted to legal argument on the pending summary judgment and *Daubert* motions, also divided equally. So each side will

2

have 4.5 hours total available to examine witnesses (direct, cross, and re-direct) during the evidentiary portion and may use their allotted time however they wish to allocate it; each side may call any witness who is the subject of a pending *Daubert* motion. And each side will have 2 hours total for argument, broken out by motion below. The parties are required to keep their own time.

Given this allocation, the schedule is as follows. On June 5, 9:00 a.m. to 11:15 a.m. (with morning break included) will be devoted to the five case-specific summary judgment motions. The remainder of the time on June 5 will be devoted to taking evidence. Plaintiffs will begin putting on evidence first. On June 6, the time from 9:00 a.m. to 3:00 p.m. (with all breaks included) will be devoted to taking evidence. The remainder of the day will be devoted to legal argument, with 3:00 p.m. to 4:20 p.m. devoted to argument on the *Daubert* motions and 4:20 p.m. to 5:00 p.m. devoted to argument on the general causation summary judgment motion.

The parties are **DIRECTED** to file a witness list with **all** witnesses they intend to offer for live testimony at the hearing no later than **Friday, May 26, 2023**.

Novartis's earlier request for oral argument on these motions (Doc. 240) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 4, 2023.

ROY B. DALTON JR.
United States District Judge