**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

IN RE: TASIGNA (NILOTINIB)
PRODUCTS LIABILITY LITIGATION

Case No. 6:21-md-3006-RBD-DAB
(MDL No. 3006)

This document relates to all actions.
_____

**ORDER**

The Court previously ordered Plaintiffs to show cause why the *Bayack* member case, No. 5:22-cv-283, should not be dismissed because they had not secured proof of representation for the deceased Plaintiff. (Doc. 278.) In response, Plaintiffs stated that they filed a petition for Bayack to serve as the personal representative of the decedent's estate in May 2023. (*Bayack*, Doc. 40.) Unsatisfied, the Court further directed Plaintiffs to explain the delay in beginning this process. (Doc. 293.)

Plaintiffs have now responded again and explained that, until January 2023, they were under the mistaken impression that Bayack had filed the petition earlier due to miscommunications with Bayack's estate attorney. (Doc. 297.) In April 2023, Plaintiffs hired a new probate attorney to assist Bayack, and the petition was filed in May. (*Id.*)

The Court is unimpressed with Plaintiffs' counsel's apparent lack of diligence on this issue, especially in the delay between discovering the problem in

January and not filing the petition until May. That said, Novartis doth protest too much when it urges the Court to dismiss *Bayack* as a sanction for Plaintiffs' counsel's purported "misrepresentations" and failure to comply with the Court's Orders. (Doc. 299.) The Court accepts Plaintiffs' counsel's representation that this situation was the result of a miscommunication rather than any bad faith. (Doc. 297-1.) And the Court detects no prejudice to Novartis, as there is at least one other Middle District of Florida case that will likely have to be put on a later discovery schedule, if it is transferred to the Undersigned (*Joy*, No. 5:23-cv-319). As Plaintiffs have not otherwise demonstrated a pattern of failing to comply with the Court's Orders throughout this case, and they have now begun the process of obtaining the necessary proof of representation in *Bayack*, dismissal is unwarranted in the Court's discretion.

Accordingly, it is **ORDERED AND ADJUDGED** that the Court's Order to Show Cause (Doc. 278) is **DISCHARGED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 21, 2023.

ROY B. DALTON JR.
United States District Judge