UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: TASIGNA (NILOTINIB)
PRODUCTS LIABILITY LITIGATION     Case No. 6:21-md-3006-RBD-DAB
                                  (MDL No. 3006)
This document relates to all actions.
_____

ORDER

This matter comes before the Court with briefing and oral argument on September 15, 2023, due to disputes between the parties as described in Plaintiffs' Objections to Novartis Pharmaceuticals Corporation's Requests for Plaintiffs' Electronically Stored Information (Doc. 306) and Novartis Pharmaceuticals Corporation's Notice of Unresolved Objections Regarding the Requests for Plaintiffs' ESI (Doc. 307).

On July 31, 2023, the Court entered an Order regarding the scope of allowable additional case-specific discovery in five individual Middle District of Florida cases, including guidelines for Novartis' discovery of ESI from Plaintiffs. (Doc. 301). Novartis was directed to designate with particularity the discovery sought from Plaintiffs, and to meet and confer to agree on the proper scope; any unresolved objections were required to be presented to the Court within fourteen days of designation and were not to exceed five pages. (*Id.*). "The parties are free to accommodate each other on specific issues by agreement or stipulation, but

1

absent mutual assent, these rulings" in the July 31, 2023, Order would control. (*Id.*).

The disputed discovery described in the parties' respective Notices (Docs. 306, 307) relate to Novartis's requests for production of electronically stored information ("ESI") from Plaintiffs' social media[1] postings and data contained in emails and documents stored on devices such as computers, tablets, mobile phones, any other personal hardware storage devices. There are four areas of disagreement, which the Court resolved at the hearing, as follows:

**1) Plaintiffs' social media**

Plaintiffs argue that ESI in their social media should be searched using search terms. Novartis argues Plaintiffs should use a tool such as "Download Your Information" to produce everything that is pulled. Novartis has made the showing that search terms cannot be tailored sufficiently to capture responsive social media postings, particularly given the often casual nature of such discourse. Subject to the timeframes and any other limits parties have agreed to, Plaintiffs' social media ESI will be produced in full. If an individual Plaintiff's circumstance are unusual, the individual Plaintiff can seek further protection from the Court. If broad areas of the downloads have nothing to do with the matters in this case and there is a way to segregate such material, after the appropriate meet and confer, Plaintiff can file a motion for further limitation.

**2) Search terms to be used on ESI in electronic devices**

---

[1] Examples of "social media" cited at the hearing were Facebook, Linked In, Twitter, Slack, and similar online forums, which would be individual-dependent.

Plaintiffs state that they "intend to conduct a reasonable, manual search" of their devices for any responsive documents without the use of search terms. Doc. 306. To the extent they intend to perform a manual search on their devices, unless they are going to undertake to certify that they have reviewed every piece of ESI in the device during the manual search and nothing responsive has been found, the devices should be put through a technical search process to apply search terms in finding the responsive documents. With respect to the search terms that Defendants proposed, Plaintiffs' objections to certain terms (*see* Doc. 306 at 3-4) are overruled.

**3) Production of ESI from the estate representative for a deceased Plaintiff**

Estate Representatives do not need the produce anything to comply. Plaintiffs intend to produce responsive documents from the social media of a deceased Plaintiff to the extent that it is accessible. If an issue is raised in a particular case, then such discovery requests can be revisited.

**4) Additional discovery requests from Novartis**

Plaintiff objects to Novartis's discovery requests beyond the discovery that, they argue, is contemplated by the sixteen categories in the Plaintiff Fact Sheets. (Doc. 306-2 at 10-29). The definitions and limits in the PFS Order-Agreement (Doc. 306-2 at 2-9) are not necessarily limiting with the discovery at issue here. Therefore, Plaintiffs' objections are overruled, and Novartis can proceed with its requests. This discovery is subject to the caveat that if there is an individual and specific class of communications or genuine burden beyond the ordinary, following a meet and confer of the parties, they may request a hearing. Plaintiffs have not made a showing beyond a "broad brush" for the

burdensomeness of the discovery sought.

With respect to employment-related discovery and photographs, Plaintiffs' objections are overruled. If there is something unusual in a particular Plaintiff's case,[2] counsel can confer about producing such files, and if no agreement is reached, the Court can revisit the issue. As to the photographs, those are easy to search for the faces and dates with available metadata tools.

**DONE** and **ORDERED** in Orlando, Florida, on September 18, 2023.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

[2] Examples would be if a Plaintiff had a voluminous number of folders as part of a training program or an unrelated claim arising out of employment.